**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JILL NADINE ARCE,

        Plaintiff,

vs.                                       Case No. 6:12-cv-625-Orl-37DAB

JESSICA A. MULLANE,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Plaintiff's Rule 56 Motion for Summary Judgment on Liability (Doc. 26), filed February 1, 2013; and

2. Defendant, Jessica A. Mullane's, Response and Memorandum of Law in Opposition to Plaintiff's Rule 56 Motion for Summary Judgment on Liability (Doc. 27), filed February 19, 2013.

Upon consideration, the Court hereby denies Plaintiff's motion for summary judgment, for the reasons set forth below.

## BACKGROUND

Plaintiff and Defendant were involved in a car accident in May 2010. (Doc. 2, ¶¶ 2–3.) On February 1, 2013, Plaintiff moved for summary judgment on the issue of liability, arguing that there is no dispute that Defendant caused the car accident. (Doc. 26, pp. 1–2.)

Plaintiff's motion stated that she was sitting stopped at a red light when Defendant rear-ended Plaintiff's car. (*Id.* at 2.) Plaintiff relied on the presumption under

Florida law that the driver of the rear vehicle in a rear-end collision is negligent; Plaintiff argued that Defendant has not produced any evidence rebutting that presumption. (*Id.* at 3.) Plaintiff seeks relief "pursuant to the Florida Rules of Civil Procedure." (*Id.* at 4.) However, Plaintiff did not cite to any record evidence supporting her argument that she was stopped at a red light and rear-ended by Defendant. Rather, Plaintiff's motion merely submitted that she "will supplement this [m]otion with an appropriate affidavit in support." (*Id.*) Plaintiff also asked the Court to "reserve judgment on the issue of the amount of damages until [a] hearing at a later date." (*Id.* at 4.)

Defendant responded on February 19, 2013. (Doc. 27.) Defendant pointed out that Plaintiff had not, at that time, supported her motion for summary judgment with any evidence, such as Plaintiff's affidavit or the depositions of either party, both of which had already been completed. (*Id.* at 1–2.) Defendant therefore submitted that Plaintiff has failed to carry her burden and that summary judgment is inappropriate. (*Id.* at 2.) Defendant also argued that even if summary judgment were to be granted on the issue of liability, a jury trial should still be held as to the amount of damages. (*Id.* at 2–3.)

One week after Defendant filed her response, Plaintiff finally filed her affidavit in support of her motion. (Doc. 28.) The Court considers the untimely affidavit only to point out its inadequacy. It is eight paragraphs long and simply restates the arguments made in the motion—namely, that Plaintiff was stopped at a red light and that Defendant rear-ended her through no fault of her own. (*Id.*) Plaintiff did not file any other evidentiary support for her motion and did not file a reply to Defendant's response. In short, both the motion, citations of authority, and efforts to provide evidentiary support are woefully insufficient to a consideration of the requested relief under the most liberal view of Rule 56. Nonetheless, this matter is now ripe for the Court's adjudication.

## STANDARDS

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(c)(1)(A) provides that a motion for summary judgment must be supported by citations to "materials in the record." The Court must then decide whether the record evinces "sufficient disagreement to require submission to a jury." *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citation and internal quotation marks omitted).

## DISCUSSION

Plaintiff failed to timely file her affidavit in support of her motion, waiting until a week after Defendant responded to do so. Thus, the Court does not consider Plaintiff's motion to be properly supported by citations to "materials in the record," as required by Rule 56. To consider the untimely affidavit would be to unfairly deny Defendant a chance to rebut its averments. Accordingly, the Court declines to consider Plaintiff's affidavit for the purposes of this motion.

Thus, there is essentially no evidence before the Court on which to consider the motion—only the parties' dueling arguments. On this meager record, lacking in any evidence describing the circumstances of the accident, the Court can only conclude that there are material facts in dispute. Therefore, the motion for summary judgment is due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Rule 56 Motion for Summary Judgment on Liability (Doc. 26) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 19, 2013.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record